**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**YULIESKY COLINA MENA**                    **DOCKET NO. 6:26-CV-00679**

**VERSUS**                                  **JUDGE DAVID C. JOSEPH**

**U.S. DISTRICT COURT**                     **MAGISTRATE JUDGE LEBLANC**
**WESTERN DISTRICT OF LOUISIANA**

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Yuliesky Colina Mena on March 5, 2026.  Doc. 1.  At the time of filing, Petitioner was detained at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

Petitioner filed the instant Petition for Writ of Habeas Corpus alleging that he was being detained by the United States Immigration and Customs Enforcement ("ICE") without pending removal proceedings or a removal order and that he had been detained without lawful statutory basis or a meaningful custody review.

The United States Attorney's Office has confirmed with the Court that while the matter was pending, Petitioner was removed on May 21, 2026.  Therefore, his petition is moot and should be dismissed. *See, e.g., Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24- CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft,*

61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's claims are **MOOT**.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in chambers this 1st day of June, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE